AO 243 (Rev. 2/95)

## MOTION UNDER 28 USC §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Territory of Guam | |
|---|---|---|---|
| Name of Movant **Ernest G.M. Rowland** | Prisoner No. **02444-093** | Case No. **03-CR-00105** | |

| Place of Confinement | Federal Bureau of Prison's Low Security Correctional Institution, Butner, North Carolina P.O. Box 999, Butner, NC 27509 |
|---|---|

UNITED STATES OF AMERICA    v.              **Ernest G.M. Rowland**
                                                        (name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack: **U.S. District Court for the Territory of Guam, 6th Floor, P.N.B. 238 O'Hara St., Agana, Guam, 96910**

2. Date of judgment of conviction: **Conditional Guilty plea ENTERED: 2/8/05; Sentenced: 5/6/05; Judgment ENTERED: 5/11/05**

3. Length of sentence: **292 months (24 years, 6 months)**

4. Nature of offense involved (all counts): **One Count Indictment CHARGED Rowland with Possession with Intent to Distribute methamphetamine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).**

5. What was your plea? (Check one)
   - (a) Not guilty ☐
   - (b) **Guilty** ☒
   - (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: **Entered a Conditional GUILTY plea to count 1, reserving the right to appeal the Court's denial of my Motion to Suppress and Motion for Discovery.**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   - (a) Jury ☐
   - (b) Judge only ☐
   - (c) **N/A** ☒

7. Did you testify at the trial?
   Yes ☐  No ☐  N/A ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

**FILED**
DISTRICT COURT OF GUAM
OCT - 9 2007
JEANNE G. QUINATA
Clerk of Court

9.   If you did appeal, answer the following:

   (a)   Name of court:   **U.S. Court of Appeals for the Ninth Circuit Court**

   (b)   Result:   **AFFIRMED – 7/3/06; Rehearing granted, Judgment AFFIRMED**

   (c)   Date of result:   **Filed 10/23/06**

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
   Yes ☐      No ☒

11.  If your answer to 10 was "yes," give the following information:

   (a)   (1)   Name of court: _____

         (2)   Nature of proceeding: _____

         (3)   Grounds raised:

               _____
               _____
               _____
               _____

         (4)   Did you receive an evidentiary hearing on your petition, application or motion?
               Yes ☐      No ☐      N/A ☒

         (5)   Result: _____

         (6)   Date of result: _____

   (b)   As to any second petition, application or motion give the same information:

   (a)   (1)   Name of court: _____

         (2)   Name of proceeding: _____

         (3)   Grounds raised: _____

               _____
               _____
               _____

(4)    Did you receive an evidentiary hearing on your petition, application or motion?

        Yes ☐     No ☐     N/A ☒

(5)    Result:  _____

(6)    Date of result:  _____

(c)    Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application, or motion?

    (1)    First petition, etc.      Yes ☐    No ☐    N/A ☒

    (2)    Second petition, etc.   Yes ☐    No ☐    N/A ☒

(d)    If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12.    State concisely every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by use of coerced confession.

(c)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)    Conviction obtained by a violation of the privilege against self-incrimination.
(f)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)    Conviction obtained by a violation of the protection against double jeopardy.
(h)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i)    **Denial of effective assistance of counsel.**
(j)    Denial of right of appeal.

A.    Ground one:    **Ineffective Assistance of Counsel by inducing a guilty plea**

Supporting FACTS (state *briefly* without citing cases or law):
**See Attached Memorandum of Law**

B.    Ground two:    **Ineffective assistance of counsel by misrepresenting facts concerning border stop.**

Supporting FACTS (state *briefly* without citing cases or law):
**See Attached Memorandum of Law**

C.    Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

AO 243 (Rev. 2/95)

(5)

D.    Ground four:

_____

      Supporting FACTS (state *briefly* without citing cases or law):          _____

_____

_____

_____

_____

_____

13.   If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so
      presented, and give your reasons for not presenting them:          _____

_____

_____

_____

_____

14.   Do you have any petition or appeal now pending in any court as to the judgment under attack?
      Yes    ☐    No    ☒

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
      herein:

      (a)   At preliminary hearing:    **John T. Gorman, Federal Public Defender, District of Guam**

            **400 Route 8, Suite 501, Mongmong, Guam 96910**

      (b)   At arraignment and plea:    **SAME AS ABOVE**

      (c)   At trial:    **NOT APPLICABLE**

      (d)   At sentencing:    **John T. Gorman, Federal Public Defender, District of Guam**

            **400 Route 8, Suite 501, Mongmong, Guam 96910**

(e) On appeal: __**SAME AS ABOVE**__

(f) In any post-conviction proceeding: __**Ernest G.M. Rowland, #02444-093 _pro se_**__
__**LSCI-Butner, P.O. Box 999   Butner, NC 27509**__

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
**Yes** ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   **No** ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: __**Not Applicable**__

(b) Give date and length of the above sentence: __**Not Applicable**__

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐   N/A ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

x _____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__9-28-07__
Date

_____
Signature of Movant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

**CIVIL Case No.:** _____
**CRIMINAL Case No.:** 03-CR-00105
**APPEAL No.:** 05-10375

ERNEST G.M. ROWLAND,
Petitioner,

v.

UNITED STATES OF AMERICA,
Respondent.

**Motion to Vacate, Set Aside, Or
Correct Sentence And
Memorandum of Law Supporting
Motion Pursuant to
Title 28 U.S.C § 2255**

Ernest G.M. Rowland, *pro se*
Reg. No. 02444-093
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509-0999

# IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| **ERNEST G. M. ROWLAND,** | ) | |
| Petitioner, | ) | **Case No.:** 03-CR-00105(ARM) |
| vs. | ) | |
| | ) | **Appeal No.:** 05-10375 |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF LAW SUPPORTING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255

### INTRODUCTION

COMES NOW, Ernest G.M. Rowland, (the "Petitioner"), a federal prisoner proceeding *pro se*, pursuant to Title 28 U.S.C. § 2255 and submits to the court this Memorandum of Law in support of his Motion to Vacate Set, Aside, or Correct his federal sentence. Courts are required to liberally construe a *pro se* habeas pleading. **Haines v. Kerner**, 404 U.S. 519, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972); **Tatum v. Christensen**, 786 F.2d 959, 963 n.4 (9th Cir. 1985), *overruled on other grounds*, **Wallace v. Christensen**, 802 F.2d 1539 (9th Cir. 1986).

Based on a violation of his *Sixth Amendment* right to effective assistance of trial/appellate counsel, Petitioner now requests relief from the 292-month sentence imposed by the district court on the following grounds:

1. Petitioner's plea was not entered into knowingly and voluntarily because it was coerced by his attorney's threat to withdraw if he did not plead guilty or accept the conditional, unwritten guilty plea; and

2. Counsel failed to correctly argue (according to the actual facts involved) the "border stop issue" with its blaringly obvious inconsistencies.

## I. **TIMELINESS OF PETITION**

The limitations period for § 2255 applies and runs from the date on which Petitioner's judgment of conviction became final. Petitioner was sentenced on May 6, 2005. He appealed and the Ninth Circuit affirmed his conviction and sentence on September 16, 2006 and issued the mandate October 12, 2006. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. When a prisoner's conviction is affirmed on appeal and he does not file a petition for writ of certiorari, his judgment of conviction becomes final when the time for filing a petition for certiorari expires. **Clay v. United States, 537 U.S. 522, 532, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003).** The time for seeking certiorari expires ninety (90) days after the Court of Appeals enters its judgment. See, **United States v. Garcia, 210 F.3d 1058, 1059 (9th Cir. 2000)**; Sup. Ct. R. 13.3 (stating that the time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.) Accordingly, Petitioner's § 2255 motion is due on or before January 10, 2008.

Petitioner's Motion and certificate of service is dated September 28, 2007. Under the prison mailbox rule, a habeas petition is considered filed on the date the *pro se* petitioner delivers it to prison authorities for mailing. **Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001)**. Assuming that the mailbox rule applies and that Petitioner's § 2255 motion was deemed filed on September 28, 2007, the § 2255 Motion is timely.

## II. **PROCEDURAL HISTORY**

On December 17, 2003, Petitioner was indicted for possession with intent to distribute methamphetamine hydrochloride in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). Court-appointed counsel for Petitioner filed a motion to suppress evidence on March 1, 2004, alleging that the Guam Customs officers lacked both probable cause and reasonable suspicion to believe that

10

Petitioner was engaged in criminal activity. Counsel also simultaneously filed a motion for pretrial discovery of information related to the confidential informant. In its opposition to the motions, the government argued that the search was a "border search" that did not require reasonable suspicion or probable cause. In his reply, Counsel contested the assertion that the customs search qualified as a border search. After a brief initial hearing on April 28, 2004, the district court ordered supplemental briefing on the border search issue. On October 5, 2004, the district court conducted a second hearing on the motions and heard testimony from Drug Enforcement Administration ("DEA") Agent Jonathan Anderson about his contact with the confidential informant.

On November 3, 2004, the district court denied the motion to suppress. The district court did not reach the question whether the search was a "border search" that did not require reasonable suspicion or probable cause. Instead, the district court held that "the information supplied by the [informant] demonstrated sufficient indicia of reliability so as to provide the DEA with reasonable articulable suspicion justifying the issuance of the intelligence report and the custom[s] officer's subsequent stop of defendant." The court further concluded that Petitioner's statement that he had dope on his body created probable cause that justified the search of his person.

On December 29, 2004, the U.S. magistrate judge in Guam denied Petitioner's motion for discovery related to the confidential informant. The magistrate judge concluded that Petitioner had not made "a sufficient showing to demonstrate that he is entitled to the information concerning the informant." The magistrate judge found relevant the fact that the government did not intend to use the informant or the information that he provided at trial.

Following the denial of his motions, under pressure from court appointed counsel, Petitioner entered into a conditional guilty plea with no written plea agreement. On May 6, 2005, he was sentenced to 292 months incarceration and 10 years of supervised release. Petitioner filed a timely appeal of the denial of his motion to suppress and his motion for pretrial discovery. On September 13, 2006, the Court of Appeals for the Ninth Circuit entered its opinion in Petitioner's case. The

Ninth Circuit **AFFIRMED** the district court's judgment. (*See* **United States v. Rowland**, 464 F.3d **899 (9th Cir. 2006)**). This section 2255 Motion follows.


## III. **INEFFECTIVE ASSISTANCE OF COUNSEL**

The Sixth Amendment guarantees the right to effective assistance of counsel. **Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)**. To prevail on an ineffective assistance of counsel claim, a petitioner must prove (1) counsel's performance fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced petitioner to the extent that it resulted in an unreliable or fundamentally unfair outcome in the proceedings. **Id. at 687-88**. The court need not address both prongs of the *Strickland* inquiry if the petitioner fails to prove one component. **Id. at 687**. Thus, when a petitioner fails to make a sufficient showing that counsel's conduct was objectively unreasonable, the court need not address whether counsel's conduct prejudiced petitioner.

Because there are "countless ways to provide effective assistance in any given case," a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." **Id. at 689**. The court must evaluate counsel's conduct in light of the facts of the particular case at the time, without the benefit of hindsight. **Id. at 690**. The *Strickland* analysis also applies to ineffective assistance claims arising out of the plea process. **Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)**.

"[T]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." **Wiggins v. Smith, 539 U.S. 510, 521, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003)** (citing **Strickland**, 466 U.S. at 688).

A petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the petitioner's offense level. **Glover v. United States, 531 U.S. 198, 203-04, 121 S. Ct. 696, 700-01, 148 L. Ed. 2d 604**

**(2001).** A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has **Sixth Amendment** significance." **Id.**

"A claim of ineffective assistance used to attack the validity of a guilty plea may be sustained where the petitioner establishes that the ineffective performance affected the outcome of the plea process such that absent the erroneous advice, he would have insisted on going to trial." **United States v. Baramdyka,** 95 F.3d 840, 844 (9th Cir. 1996) (quoting **Hill v. Lockhart,** 474 U.S. at **58, internal quotation marks, ellipsis and brackets omitted**). In **Baramdyka,** the Court concluded the counsel's performance was deficient in that Defendant had a viable personal jurisdiction defense which his counsel failed to assert and the plea agreement waived. **Id. at 846**.

The test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" **Hill,** 474 U.S. at 56 (**quoting North Carolina v. Alford,** 400 U.S. 25, 31, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970)).

### a.  Conditional Guilty Plea

Petitioner argues his guilty plea was coerced by his attorney's threat to withdraw if he did not plead guilty. Because a guilty plea waives the constitutional right to a jury trial, the right to confront accusers, and the right against self incrimination, it must be a "knowing, intelligent act," that is "the voluntary expression of [the defendant's] own choice." **Brady v. United States,** 397 U.S. 742, 748, 25 L. Ed. 2d 747, 90 S. Ct. 1463 (1970). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it", and may consider such factors as whether there is evidence of factual guilt. **Id.**

"Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality." **Boykin v. Alabama,** 395 U.S. 238, 242-43, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). Thus, a guilty plea is void if induced by threats which strip it of a

voluntary nature. **Machibroda v. United States**, 368 U.S. 487, 493, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1972).

When a guilty plea is challenged as being the product of coercion, the district court's concern is not solely with the subjective state of mind of the defendant, but also with the constitutional acceptability of the external forces inducing the guilty plea. See **United States v. Martinez**, 486 **F.2d 15, 21 (5th Cir. 1973)**; see also **Miller v. Fenton**, 474 U.S. 104, 106 S. Ct. 445, 453, 88 L. **Ed. 2d 405 (1985)** (voluntariness of confession turns as much on whether techniques used for extracting confession comport with due process as on subjective state of mind). If the prosecutor elicits a guilty plea by pointing a revolver at the defendant, the plea is void regardless of the defendant's state of mind. To determine voluntariness, we examine the totality of the circumstances. **Brady**, 397 U.S. at 749.

In the instant case, trial counsel knew that Petitioner wanted to go to trial. While at Hagatna Detention Facility ("G.D.F."), Petitioner wrote letters to counsel indicating his desire to go to trial. By phone calls, Petitioner also requested a visit in order to discuss the preliminary Motions filed on his behalf. Counsel never responded to Petitioner's attempts at communication while Petitioner was at G.D.F. When counsel finally did visit Petitioner, counsel specifically told Petitioner that even if he went to trial that Petitioner would not be able to discuss the legalities of the arrest or have the right to confront his accusers and therefore, it made no sense to go to trial. These statements were clearly erroneous because Petitioner would have had a right to confront his accusers if he went trial.

Petitioner indicated that he wanted to withdraw his guilty plea but was told by counsel during the visit that if Petitioner changed his plea, he would lose counsel as his lawyer. This statement was a subtle threat which exerted mental coercion and overbore the will of the Petitioner to enter a **NOT GUILTY** plea. Counsel specifically told Petitioner that if he pleaded **NOT GUILTY**, Petitioner would be appointed another lawyer. With this information, Petitioner unwillingly entered his conditional guilty plea, eager for relief on appeal. Additionally, Counsel told Petitioner during

another visit subsequent to the first coercive discussion and after the conditional plea had been entered that there was not anyone that could write the appeal argument better than him.

Petitioner wrote another letter indicating confusion and disappointment about the turn of events (being coercive to plead guilty and counsel's lack of communication). Counsel never responded to the letters. Petitioner had to wait at G.D.F. hoping to see if counsel came to visit other clients because counsel would not respond to phone calls and letters. Thus, appointed counsel was not acting in Petitioner's best interest and virtually abandoned his representation during the pre-plea process and immediately following entry of the plea.

It is well-established that an attorney's recommendation to his client to plead guilty does not render the client's decision involuntary or unknowing. See **Iaea v. Sunn**, 800 F.2d 861, 866-68 **(9th Cir. 1986)** ("Mere advice or strong urging by third parties to plead guilty based on the strength of the state's case does not constitute undue coercion.").

Indeed, an attorney's candid evaluation of the benefits of a plea is precisely what ensures that a defendant enters into a plea knowingly. See **Brady v. United States**, 397 U.S. at 742, ("Since an intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney, this Court has scrutinized with special care pleas of guilty entered by defendants without the assistance of counsel and without a valid waiver of the right to counsel."). Thus, to prevail on his claim of inadequate advice and coercion, Petitioner must demonstrate more than that his trial counsel urged him to plead guilty. Instead, Petitioner must show "actual or threatened physical harm or... mental coercion overbearing the will of the defendant." **Id. at 750**.

A threat by a defendant's attorney to withdraw from the case if the defendant does not plead guilty may render a guilty plea involuntary. See **Heiser v. Ryan**, 951 F.2d 559, 561 (3d Cir. 1991) (guilty plea not voluntary where defendant's counsel threatened to withdraw if defendant did not plead guilty); **Downton v. Perini**, 511 F.Supp. 258, 259, 264-66 (N.D. Ohio 1981).

This is true notwithstanding the mitigating effect of an attorney's assurance that new counsel would be appointed if the defendant assisted on proceeding to trial. **Iaea, 800 F.2d at 867-68** (attorney's threat to withdraw if defendant continued to refuse to plead guilty may, along with other factors, have coercive impact on voluntariness of plea).

Likewise, if an attorney threatens to withdraw to prevent a defendant from changing his mind about pleading guilty and backing out of a plea bargain, the plea could be rendered involuntary. **United States v. Estrada, 849 F.2d 1304, 1305-06 (10th Cir. 1988)**. See also **Commonwealth v. Forbes, 450 Pa. 185, 299 A.2d 268 (1973)** and **Commonwealth v. Velasquez, 437 Pa. 262, 263 A.2d 351 (1970)** (guilty pleas rendered involuntary because they were entered as a result of counsel's threat to withdraw).

This is clearly what happened in the instant case. Petitioner has clearly asserted that counsel exerted mental coercion "overbearing his will" to plead not guilty and go to trial by threatening to withdraw representation. A defendant faced with a critical decision of such dire consequences as a conditional plea of guilty will assuredly rely heavily upon advice of counsel. If Petitioner's allegations that trial counsel threatened to withdraw from the case unless Petitioner pleaded guilty are true, then his plea is involuntary, and he has met his burden. The remaining question is simply whether in Petitioner's case, an evidentiary hearing is necessary to decide this allegation.

### b. Rule 11 Hearing

It is well established that compliance with *Rule 11* of the Federal Rules of Criminal Procedure does not act as an absolute bar to subsequent collateral attack upon the voluntariness of a guilty plea. See **Fontaine v. United States, 411 U.S. 213, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973)**. A defendant may attack the "voluntary and intelligent character of the guilty plea" by showing that he received incompetent advice from counsel in connection with entry of the plea. **Tollett v.**

**Henderson,** 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973); see also **Mitchell v.**
**Superior Court for City of Santa Clara,** 632 F.2d 767, 769-70 (9th Cir. 1980).

Statements made in open court at the time of a plea carry a strong presumption of verity and are
entitled to great weight. **Chizen v. Hunter,** 809 F.2d 560, 562 (9th Cir. 1986). In **Blackledge v.**
**Allison,** 431 U.S. 63, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977), the Supreme Court confronted the
issue of when a post-conviction petition contradicting statements made during a guilty plea may be
summarily dismissed. The Supreme Court was considering a habeas corpus petition while in the
present case the Petitioner filed a motion for relief under section 2255. This difference is of no
consequence under the facts of this case since the alleged conversations with court-appointed
counsel and Petitioner took place out of the presence of the court. **Id.** at 74 n.4, 97. The *Blackledge*
Court stated:

> (T)he representations of the defendant, his lawyer, and the
> prosecutor at (a guilty plea) hearing, as well as any findings made
> by the judge accepting the plea, constitute a formidable barrier in
> any subsequent collateral proceedings. Solemn declarations in
> open court carry a strong presumption of verity. The subsequent
> presentation of conclusory allegations unsupported by specifics is
> subject to summary dismissal, as are contentions that in the face of
> the record are wholly incredible. (Citations omitted.)

However, the barrier of the plea or sentencing proceeding record, although imposing, is not
invariably insurmountable. In administering the writ of habeas corpus and its § 2255 counterpart,
the federal courts cannot fairly adopt a *per se* rule excluding all possibility that a defendant's
representations at the time his guilty plea was accepted were so much the product of such factors as
subtle threats, misunderstanding, duress, coercion, or misrepresentation by others as to make the
guilty plea a constitutionally inadequate basis for imprisonment. **Blackledge v. Allison,** *supra,* **431**
**U.S. at 73-75.** (*footnotes omitted*); see also **U.S. v. Kaczynski,** 239 F.3d 1108, 1114-15 (9th Cir
2001) ("substantial weight" must be given to in-court statements). Even though that presumption is
not necessarily an insurmountable barrier to an evidentiary hearing, the "subsequent presentation of

conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." **Id**. (*citations omitted*).

In the instant case, petitioner has not merely made conclusory allegations that are unsupported by specifics. Petitioner has alleged when, how often, and under what circumstances counsel performed deficiently in his case. Petitioner also has copies of letters faxed to counsel from G.D.F. that can substantiate his claims.


## IV. APPELLATE COUNSEL

The familiar *Strickland* requirements also apply to a prisoner's claim that his appellate counsel was ineffective for failing to raise a certain issue on appeal. See **Smith v. Robbins, 528 U.S. 259, 285, 145 L. Ed. 2d 756, 120 S. Ct. 746 (2000)**; **Smith v. Murray, 477 U.S. 527, 535-36, 91 L. Ed. 2d 434, 106 S. Ct. 2661 (1986)**. While counsel need not raise every nonfrivolous ground available on appeal, a reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention. **Miller v Keeney, 882 F.2d 1428, 1433 (9th Cir 1989)**; **United States v Birtle, 792 F.2d 846, 847 (9th Cir 1986)**.

In the instant case, Petitioner also claims that his court-appointed appellate counsel, failed to raise the border issue correctly on direct appeal after being specifically told that key information was exclude from the motion to suppress hearing and the motion for discovery hearing. Petitioner called and wrote numerous letters indicating that all claims mentioned and unmentioned should be raised to obtain the requested relief. In response to the letters and phone calls, counsel rarely discussed the case with petitioner and would only see him during visits to other clients at the G.D.F.

The Sixth Circuit in **Greer v. Mitchell, 264 F.3d 663, 676 (2001)**, held that prejudice ensues from an attorney's failure to advance a meritorious claim. The Seventh Circuit held in **United States**

v. **Lawson,** 947 F.2d 849, 853 (7th Cir. 1991), that failure to make arguments that "are clearly destined to be successful" amounts to ineffective assistance of counsel. Because court-appointed trial/appellate counsel failed to present significant and obviously meritorious claims regarding the unconstitutional search and seizure at the border stop, trial/appellate counsel was defective.


## V. **EVIDENTIARY HEARING and APPOINTMENT OF COUNSEL**

*Rule 8(a)* of the *Rules Governing Section 2255 Proceedings* in the United States District Courts requires the Court to hold an evidentiary hearing when necessary. The Court should hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "To earn the right to a hearing, therefore, [Movant] [is] required to allege specific facts which, if true, would entitle him to relief." **Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998)**, quoting **United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir 1996)**. If an evidentiary hearing is not required, the Court "shall make such disposition of the motion as justice dictates." *Rule 8(a)* of the *Rules Governing Section 2255 Proceedings* in the United States District Courts.

Appointment of counsel is required if the petitioner is eligible under *18 U.S.C. § 3006A* and if the court determines that an evidentiary hearing is necessary. Pursuant to *Rule 8(c)* of the *Rules Governing Section 2255 Proceedings*, "[i]f an evidentiary hearing is required, the judge shall appoint counsel for [an indigent] movant." *Rule 8(c)* of the *Rules Governing Section 2255 Proceedings*, 28 U.S.C. § 2255; see also **United States v. Duarte-Higareda, 68 F.3d 369 (9th Cir. 1995)** (*Rule 8(c)* makes the appointment of counsel mandatory when evidentiary hearings are required).

In the instant case, Petitioner has clearly raised issues and set forth sufficient allegations to demonstrate that he is entitled to his requested relief. According to § 2255, unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court

shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

## CONCLUSION

WHEREFORE, Ernest G.M. Rowland, the *pro se* Petitioner herein, submits that his plea was not entered into knowingly and voluntarily because it was coerced by his court-appointed counsel's threat to withdraw if Petitioner did not plead guilty or accept the conditional, unwritten guilty plea. Petitioner requests that the court grant his Motion to vacate, set aside or correct his sentence, or in the alternative conduct an evidentiary hearing.

Additionally, because appellate counsel failed to correctly argue (according to the actual facts involved) the "border stop issue" with its blaringly obvious inconsistencies and advance several meritorious issues on appeal that would have had a reasonable probability of success, his deficient performance prejudiced the Petitioner. Furthermore, Petitioner requests that the court grant any and all relief that it deems necessary in this case based on both trial and appellate counsel's failures.

I certify under penalty of perjury that the foregoing is true and correct. Dated at L.S.C.I.-Butner this **28th** **day of September, 2007**

By:

_Ernest G.M. Rowland_ (signature)

Ernest G.M. Rowland, *pro se*
Reg. No. 02444-093
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509-0999

20

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## CERTIFICATE OF SERVICE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

I, Ernest G.M. Rowland, a federal prisoner, the *pro se* Petitioner herein, hereby certify and declare that on this **28th day of SEPTEMBER, 2007**, I have served the necessary copies of the foregoing **Memorandum of Law Supporting the Motion to Vacate, Set Aside, Or Correct Sentence Pursuant to Title 28 U.S.C § 2255** on each party to the above proceeding or that party's Counsel, and on every other person required to be served, by delivering to Prison Authorities (via the inmate mail system) an envelope with first-class postage prepaid affixed thereto, containing the above documents for depositing in the United States mail properly addressed to each of them.

Under the "mailbox rule," the court deems the documents filed on the date the petitioner delivered it to prison authorities for mailing. See **Houston v. Lack, 487 U.S. 266, 271-72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001)**.

The names and addresses of those served are as follows:

| *The original and 2 copies:*<br>**Clerk, Territory of Guam**<br>**United States District Court**<br>**64 Pacific News Building**<br>**238 O'Hara Street**<br>**Agana, Guam 96910** | Office of the U. S. Attorney<br>Karon V. Johnson, Asst., U.S. Attorney<br>Sirena Plaza<br>108 Hernan Cortez, Suite 500<br>Hagatna, Guam 96910 |
|---|---|

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct. Executed at LS.C.I.-Butner on this **28th day of SEPTEMBER, 2007**.

Respectfully Submitted,

*[signature]*

Ernest G.M. Rowland, *pro se*
Reg. No. 02444-093
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509-0999

21