1

2

3

4

5

6                              DISTRICT COURT OF GUAM

7

8

9      ERNEST G.M. ROWLAND,                         CIVIL CASE NO. 07-00027
                                                    CRIMINAL CASE NO. 03-00105
                       Petitioner,
10

11          vs.                                **ORDER AND OPINION RE: REPORT AND
                                               RECOMMENDATION ON PETITIONER'S
12                                             MOTION TO VACATE, SET ASIDE OR CORRECT
       UNITED STATES OF AMERICA,               SENTENCE PURSUANT TO 28 U.S.C. § 2255**
13

14                     Defendant.

15          Presently before the court is the petitioner's Motion to Vacate, Set Aside, or Correct

16   Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). *See* Docket No. 67. This matter was

17   referred to United States Magistrate Judge Joaquin V.E. Manibusan, Jr. *See* Docket No. 83. An

18   evidentiary hearing began on January 19, 2010, and was continued to February 4, 2010. The

19   only witness the Petitioner called was his former trial counsel, Federal Public Defender John

20   Gorman. On February 26, 2010, the Magistrate Judge issued a Report and Recommendation,

21   recommending that the Petitioner's Motion be denied. *See* Docket No. 105. Thereafter, the

22   Petitioner filed Objections to the Report and Recommendation. *See* Docket No. 106.

23          Under 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure,

24   the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's

25   recommendation, but must review *de novo* any part to which an objection has been filed.[1] Upon

26

27

28          [1] The court has reviewed the pleadings, the Magistrate Judge's Report and
     Recommendation, and each of the Petitioner's Objections, as well as listened to the recording
     of the evidentiary hearings.

1  full review of the entire record, the court finds the Report and Recommendation of the

2  Magistrate Judge to be well founded in law.  For the reasons stated, the Report and

3  Recommendation is **ADOPTED AND AFFIRMED** and the Objections are **OVERRULED**.

4  **I.      FACTUAL AND PROCEDURAL BACKGROUND**

5          On December 15, 2003 at approximately 6:25 p.m., the Petitioner arrived at the A.B.

6  Won Pat Guam International Airport ("Guam Airport") on a flight originating from Honolulu,

7  Hawaii.  He presented himself to Customs Officer Henry Alvendia ("Officer Alvendia") who

8  performed the initial inspection of the Petitioner.  After answering Officer Alvendia's questions,

9  the Petitioner was immediately directed to proceed to a secondary area where his baggage was

10  to be searched.  On that evening, Customs Officer F.J. Quinata ("Officer Quinata") was

11  assigned to conduct passenger baggage inspection at a secondary counter. Officer Quinata asked

12  the defendant if he was carrying any prohibited items.  The defendant said no.  Officer Quinata

13  then went through Petitioner's hand-carried baggage, and observed that the Petitioner appeared

14  nervous and mildly sweating while he did so.  After finding nothing in the bag, Officer Quinata

15  asked the Petitioner whether he had any weapons or drugs on his person.  Petitioner stated yes,

16  he had "dope" on himself.  At that point, the defendant was subjected to a strip search where it

17  was discovered that he had several packages of ice wrapped around his waist.  The defendant

18  was then placed under arrest.

19          Thereafter, the Petitioner was indicted on December 17, 2003, with possession with

20  intent to distribute methamphetamine hydrochloride.  He  filed a motion to suppress on March

21  1, 2004, arguing that the evidence seized from him should be suppressed because there was no

22  probable cause nor reasonable suspicion to justify the search.  Moreover, it was not a routine

23  border search.  The District Court held evidentiary hearings on April 28, 2004 and October 5,

24  2004.  The court then denied the motion on November 3, 2004.  The  Petitioner entered into a

25  conditional plea of guilty without a written plea agreement on February 8, 2005.  On May 6,

26  2005, he was sentenced to 292 months of imprisonment and ten years of supervised release.

27          The Petitioner then appealed the denial of his motion to suppress and his motion

28

1    forpretrial discovery.[2]  The Ninth Circuit, after granting a panel rehearing, declined to address

2    the border search issue, and held instead that a Guam Customs officer is statutorily authorized

3    to stop any passenger arriving in Guam if the officer has a reasonable suspicion to believe the

4    passenger is violating Guam's drug laws.  *See United States v. Rowland*, 464 F.3d 899 (9th Cir.

5    2006).  On October 9, 2007, the Defendant filed the present motion.

6    **II.    CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL**

7         A prisoner in custody may bring a motion to attack his sentence under 28 U.S.C. § 2255

8    by demonstrating "that the sentence was imposed in violation of the Constitution or laws of the

9    United States, or that the court was without jurisdiction to impose such sentence, or that the

10   sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

11   attack may move the court which imposed the sentence to vacate, set aside or correct the

12   sentence."  28 U.S.C. § 2255.

13        At the evidentiary hearing, the Petitioner argued that he was provided ineffective

14   assistance because his prior counsel, John Gorman ("Attorney Gorman"): (1) coerced the

15   Petitioner into pleading guilty by threatening to withdraw from the case if the Petitioner did not

16   enter a guilty plea; and (2) failed to correctly present the facts in the motion to suppress and in

17   the appeal to the Ninth Circuit. After conducting an evidentiary hearing on these matters the

18   Magistrate Judge found that counsel did not provide ineffective assistance in either instance and

19   recommends that the Petitioner's motion be denied.

20        The Petitioner objects to the findings of the Magistrate Judge.  Accordingly, the court

21   makes a *de novo* determination as to the portions of the magistrate judge's report and

22   recommendation  to which Petitioner objects. 28 U.S.C. § 636(b)(1)(C).

23        The Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland*

24   *v. Washington*, 466 U.S. 668, 669 (1984).  To succeed on an ineffective assistance of counsel

25   claim, defendant must demonstrate that counsel's conduct was deficient and that such

26   deficiency prejudiced his defense. *Id.* at 693.  To demonstrate deficiency by counsel, defendant

27

28        [2] Only the Motion to Suppress is at issue in this proceeding.

1    must "overcome the presumption that, under the circumstances, the challenged action 'might be

2    considered sound trial strategy.'" *Id.* at 689.  Then, defendant "must show that there is a

3    reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

4    would have been different." *Id*. at 694.  Under *Hill v. Lockhart*, 474 U.S. 52 (1985), a

5    defendant challenging the validity of his guilty plea for ineffective assistance of counsel must

6    show:  1) deficient performance, that his "counsel's representation fell below an objective

7    standard of reasonableness"; and 2) prejudice, that "there is a reasonable probability that but for

8    [his] counsel's errors he would not have pleaded guilty and would have insisted in going to

9    trial." *Id.* at 57-59.  There is a presumption that an attorney is presumed to be effective; thus, a

10    defendant carries the heavy burden of demonstrating ineffective assistance of counsel.  *See*

11    *Strickland*, 466 U.S. at 689.

12        The court will address each of the Petitioner's objections.

13    **A.  Alleged Coercion of the Petitioner into Pleading Guilty.**

14        At the evidentiary hearing, the defendant contended that he wanted to go to trial, but that

15    Attorney Gorman coerced him into entering a plea by threatening to withdraw as counsel if

16    Petitioner did not plead guilty.[3]  The test for determining whether a plea is valid is "whether the

17    plea represents a voluntary and intelligent choice among the alternative courses of action open

18    to the defendant." *Hill*, 474 U.S. at 56. "[T]he record must affirmatively disclose that a

19    defendant who pleaded guilty entered his plea understandingly and voluntarily." *Brady v.*

20    *United States*, 397 U.S. 742, 747 n. 4 (1970).  A guilty plea is coerced where a defendant is

21    "induced by promises or threats which deprive [the plea] of the nature of a voluntary act." *Iaea*

22    *v. Sunn*, 800 F.2d 861, 866 (9th Cir.1986). To determine the voluntariness  of the plea, the

23    totality of the circumstances is taken into consideration, examining both the defendant's

24    "subjective state of mind" and the "constitutional  acceptability of the external forces inducing

25

26         [3] The Petitioner did not make an objection with respect to the Magistrate Judge's

27    finding that the Petitioner was not coerced into entering a guilty plea.  However, for purposes
of addressing Petitioner's objection concerning the alleged coercion of Petitioner to not

28    withdraw his guilty plea the court includes this discussion.

1  the guilty plea." *Id*.

2       At the evidentiary hearing, Attorney Gorman testified that he would never threaten to

3  withdraw from a case if his client wanted to go to trial and did not do so in this case.   He stated

4  that he spoke to the Petitioner several times about the positives and negatives of taking a

5  conditional plea.  He informed the Petitioner that if he went to trial and was convicted he would

6  be facing a sentence under the Sentencing Guidelines of 360 months to life.[4]  By entering a

7  conditional plea, the Petitioner's sentencing range would be reduced to 292 months to 365

8  months.[5]  While admittedly it was a "limited benefit" Attorney Gorman thought it was better

9  than taking the risk of going to trial.  It was his professional opinion that the facts of the case

10  were tough, especially so where the Petitioner made a confession.  He thought there was no

11  reasonable prospect of getting a not guilty verdict at trial.  Attorney Gorman explained this to

12  the Petitioner and told the Petitioner that he thought the best course would be to enter a

13  conditional plea and hope that an appeal would result in the Ninth Circuit overturning the ruling

14  by the district court judge on the motion to suppress.[6]

15       While counsel advised the Petitioner that a guilty plea was in his best interests, he made

16  it clear that it was up to the Petitioner to ultimately make the decision.  Counsel was adamant that

17  he told the Petitioner that the decision to go to trial was 100 percent the Petitioner's to make.

18       The Magistrate Judge found that there was no evidence to support the contention that the

19

20       [4] Attorney Gorman testified that because of the amount of drugs involved the Petitioner

21  was facing a sentencing range of 360 months to life with an offense level of 37 and a  criminal
   history category of six.

22

23       [5] Attorney Gorman testified that the Petitioner would likely get a two level reduction
   under  §3E1.1 (a) of the Sentencing Guidelines for pleading guilty and would face an offense

24  level of 35, a criminal history category of six for a sentencing range of 292 to 365 months.

25       [6] This issue will be discussed at greater detail further herein.  Counsel testified that he

26  was anxious to argue before the Ninth Circuit the issue of whether the search by a Guam
   Customs Officer of a passenger arriving on a domestic flight out of Hawaii would be

27  determined to be a "border search."  As noted herein he had tried to argue this issue before the
   district court, but the district court judge decided instead to focus on whether there was

28  reasonable suspicion for the search.

1   Petitioner was pressured to plead guilty.  This court agrees.  There is no evidence to suggest that

2   Attorney Gorman threatened to withdraw from the case.  As noted by the Magistrate Judge,

3   Attorney Gorman is a veteran trial attorney, and in 17 years of practice has taken 60 to 70 cases

4   to trial.  He was committed to providing legal assistance to the Petitioner whether he chose to

5   enter a conditional plea or go to trial.

6          Moreover, during the plea hearing on February 8, 2005, the Petitioner participated in a

7   thorough plea colloquy, in which he answered in the affirmative that his guilty plea was

8   voluntary and neither coerced nor induced.

9

10  THE COURT:      Now, before the court can accept this plea, the court must make
                   sure that you are pleading freely and voluntarily, and that there's
                   a factual basis for your plea.  Now to that end the court will be
11                 asking you certain questions.  If you do not understand the
                   question, please ask me to repeat it, or you may ask your attorney
12                 for further advice.

13  . . . .

14  THE CLERK:      Do you solemnly swear that the testimony you are about to
                   give will be the truth, the whole truth, and nothing but the
15                 truth?

16  . . . .

    DEFENDANT:      Yeah.
17
    . . . .
18
    [THE COURT]:    And do you feel well and alert today and understand what's going
19                  on in court?

20  [DEFENDANT]:    I know what I am doing.

21  . . . .

22  [THE COURT]:    And are you satisfied with the representation that you have
                    received from your attorney in your case?
23
    [DEFENDANT]:    Very  much.
24
    . . . .
25

26  [THE COURT]:    *And let me ask you further, has anyone attempted to force
                    you to plead guilty or to pressure you in any way to do so,*
27                  *other than what you have already told the court?*

28  [DEFENDANT]:    *No, sir.*

. . . .

THE COURT:        All right.  At this time, sir, let me ask you how do you wish to plead to the offense as stated in the indictment, which charges you with possession with intent to distribute methamphetamine hydrochloride, guilty or not guilty?

THE DEFENDANT:  Guilty.

Docket No. 80, pp. 4-5, 6, 12-13 (emphases added).  Based on the foregoing exchange, the Magistrate Judge found that Petitioner understood the consequences of his guilty plea, intelligently waived his constitutional rights, and concluded that the plea was free and voluntary.  Such findings by the judge accepting the plea "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Alison*, 431 U.S. 63, 74 (1977).  Petitioner has failed to allege any fact to rebut this presumption and establish that his guilty plea was not knowing and voluntary and, therefore constitutionally invalid.   The court agrees with the Magistrate Judge's finding that under the totality of the circumstances, Attorney Gorman's performance was not deficient and the Petitioner's guilty plea was voluntarily given.

### B.  Motion to Withdraw Plea

The Petitioner objects to the Magistrate Judge's failure to find that there was improper coercion where counsel allegedly led the Petitioner to believe that if he withdrew his guilty plea, Attorney Gorman would withdraw as his attorney.  After entering a plea of guilty, the Petitioner changed his mind and wrote a letter to Attorney Gorman informing him that he wanted to withdraw his plea.  The Petitioner wrote that he would "like to change his plea and go to trial." *See* Docket No. 71, p. 28.

Attorney Gorman testified that after he received the Petitioner's letter he immediately met with the Petitioner.  He addressed the questions that the Petitioner had and again discussed the positives and negatives of a conditional plea. In his professional opinion, he told the Petitioner that he thought the trial would last only a day.  He explained that under the facts of the case there was not much of a defense to mount, particularly in light of the Petitioner's confession.  Nevertheless he made it clear that if the Petitioner wished to withdraw his plea, he

1 would file the appropriate motion and proceed to trial.   After this meeting with Attorney

2 Gorman, Petitioner chose not to pursue the withdrawal motion.

3      At the evidentiary hearing, Petitioner claims that he was coerced to forego pursuing the

4 motion based upon comments from counsel that he would have to withdraw as Petitioner's

5 attorney.  In fact, the Petitioner points out that Attorney Gorman admitted at the evidentiary

6 hearing that the Petitioner may have been confused about this matter.

7      It is true that Attorney Gorman suggested that the Petitioner, who asked about the

8 possibility of withdrawing his guilty plea, perhaps misconstrued their discussion on this issue.

9 He told the Petitioner that if the grounds of the withdrawal of the guilty plea were counsel's

10 incompetence, then there was a possibility that the court would not allow his continued

11 representation of the Petitioner.  However, notwithstanding any level of confusion on the part of

12 the Petitioner, Attorney Gorman stated that he also made it clear that he would try the case if

13 the Petitioner wanted to withdraw his plea.  Attorney Gorman testified that he had no desire to

14 withdraw from the case and that it was his office's policy to not withdraw from a case in the

15 event a client decided to proceed to trial.

16      As noted, in order to establish ineffective assistance of counsel, a defendant  needs to

17 prove: (1) his "counsel's representation fell below an objective standard of reasonableness"; and

18 (2) "but for counsel's unprofessional errors, the result of the proceeding would have been

19 different." *Strickland,* 466 U.S. at 693.   In this instance, Petitioner needs to show that but for

20 the alleged confusion concerning counsel's withdrawal, Petitioner would have pursued a motion

21 to withdraw the plea, and it would have been granted. *See United States v. Ensminger*, 567 F.3d

22 587 (9th Cir. 2009) ("'[a] defendant does not always have the right to withdraw a plea because

23 the decision to allow withdrawal  of a plea is solely within the discretion  of the district court.'")

24 (citations omitted).  Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant

25 may withdraw a plea of guilty before sentencing if "the defendant can show a fair and just

26 reason for requesting the withdrawal."  The Ninth Circuit has explained that fair and just

27 reasons for withdrawal may include inadequate Rule 11 plea colloquies, intervening

28 circumstances, newly discovered evidence, or any other reason for withdrawing  the plea that

1   did not exist when the defendant entered his plea. *United States v. Showalter*, 569 F.3d 1150,

2   1154 (9th Cir.2009).

3          The court first states that the record does not support Petitioner's assertion that Attorney

4   Gorman's performance was deficient. *See Strickland*, 466 U.S. at 687 ("This requires showing

5   that counsel made errors so serious that counsel was not functioning as the "counsel"

6   guaranteed the defendant by the Sixth Amendment."). The court finds counsel credible.  He

7   made it clear that he informed the Petitioner that he would file the motion if instructed by the

8   Petitioner.  Even if the court were to find otherwise– that Petitioner's claim rises to the level of

9   deficient performance, his argument still fails because he has not satisfied the second prong of

10   the *Strickland* test, which requires that the error result in actual prejudice to the Petitioner.  *Id.*

11   at 700.  (The court need not address both the performance and the prejudice prong if the

12   petitioner fails to make a sufficient showing of either.)

13          Based upon the record before the court, there is no possibility that the results of the plea

14   hearing that resulted in a plea of guilty by the Petitioner would have been different.  The

15   transcript of the change of plea hearing belies Petitioner's allegation that he was coerced or

16   otherwise pled guilty because of ineffective assistance of counsel.  The Magistrate Judge found,

17   and this court agrees, the Petitioner's plea was knowingly and voluntarily entered.  Given that

18   finding and that there is no evidence in the record that would support the court granting a

19   motion to withdraw a plea had the Petitioner filed one, the court finds the Petitioner has failed

20   to satisfy the second prong of the *Strickland* test.

21          Upon review of the totality of the circumstances, the Petitioner has not overcome the

22   presumption that Attorney Gorman's conduct constituted reasonable professional assistance.

23   Accordingly, the court finds that Attorney Gorman's representation was not deficient and did

24   not fall below an objective standard of reasonableness.  The court further agrees with the

25   Magistrate Judge and finds that there was no ineffective representation of counsel on this basis.

26   Accordingly, the Petitioner's objection is overruled.

27          **C. The Factual Account of the Petitioner's Detention.**

28          The Petitioner argues that the Magistrate Judge committed error in relying on prior

1  counsel's factual background concerning the Petitioner's detention at the Guam Airport. The

2  Magistrate Judge relied upon the facts as set forth in *United States v. Rowland*, 464 F.3d 899

3  (9th Cir. 2006). The Petitioner maintains that the facts as relied upon by the courts are wrong

4  because Attorney Gorman presented an incorrect factual basis for the suppression motion and

5  on appeal. The Petitioner claims Attorney Gorman presented a factual account where the

6  Petitioner admitted to carrying drugs at the secondary counter. Petitioner contends this is

7  wrong, in an affidavit he stated that he only admitted to carrying contraband when he was

8  moved to a small office for a pat down. *See* Docket No. 71, Affidavit of Ernest Rowland. He

9  argues that he was essentially taken into custody or subjected to a *de facto* arrest and therefore

10  probable cause should have been required to conduct the inspection of the Petitioner.

11      The court first addresses *Strickland's* performance prong first. The Petitioner must

12  show that, considering all the circumstances, Attorney Gorman's performance fell below an

13  objective standard of reasonableness. *Strickland*, 466 U.S. at 688. The Petitioner claims that

14  Attorney Gorman should have focused on the Customs Officers' lack of probable cause to

15  conduct the inspection of the Petitioner in a small room. Because he did not properly lay out

16  the facts and make this argument, the less stringent reasonable suspicion analysis was used by

17  the courts and the evidence was not suppressed.

18      At the evidentiary hearing, Attorney Gorman testified that he and the Petitioner had

19  discussed the facts of the case many times. He stated that the Customs Officers had one story

20  and the Petitioner another. He told the Petitioner that where the search was conducted, either at

21  the secondary counter or in a small office, was legally insignificant for purposes of a border

22  search challenge. In a border search, the only standard is the reasonableness of the search.

23  Counsel had extensive conversations with the Petitioner concerning the need to first address the

24  border search issue, and then move on to address probable cause and reasonable suspicion.

25      As to the border search issue Attorney Gorman argued that Guam was "not the

26  functional equivalent of a border for passengers arriving on a nonstop, commercial domestic

27  flight" and thus, the border search standard was not applicable. *See* Docket No. 31. He

28  explained that his strategy was to address the border search issue first, because they had "no

1   chance of surviving" if Guam was deemed to be an international border and the exception

2   applied.[7]   The case law was very clear that a passenger has very limited Fourth Amendment

3   rights at a border search.  He testified that when he was arguing the motion to suppress before

4   both the district court and the Ninth Circuit he argued that the search was not a border search.

5   He also argued that the search was not justified by reasonable suspicion or probable cause.

6          The court is cognizant that the Petitioner must meet an extremely high threshold to

7   prove deficient conduct.  "[W]e 'indulge a strong presumption that counsel's conduct falls

8   within the wide range of reasonable professional assistance; that is, the defendant must

9   overcome the presumption that, under the circumstances, the challenged action might be

10  considered sound trial strategy.'" *Jones v. Ryan*, 583 F.3d 626, 636-37 (9th Cir. 2009) (quoting

11  *Strickland*, 466 U.S. at 689 (citation and quotation marks omitted)).  "A fair assessment of

12  attorney performance requires that every effort be made to eliminate the distorting effects of

13  hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

14  conduct from counsel's perspective at the time."  *Strickland*, 466 U.S. at 689.

15         A review of the record reveals that Attorney Gorman's performance in this regard was

16  not deficient.  There has been no evidence outside of the Petitioner's affidavit, that the facts

17  were other than those stated by counsel.  In the absence of the necessary factual showing, the

18  Petitioner's allegations remain "mere conclusory statements," which, in the circumstances of

19  this case, the Magistrate Judge properly rejected.  *Jones v. Gomez*, 66 F.3d 199, 204-205

20  (conclusory allegations do not warrant habeas relief).  Moreover, the Petitioner has not shown

21  there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding

22  would have been different.  When assessing prejudice, the court should not focus solely upon

23  the outcome. Rather, the governing legal standard in determining prejudice is "whether

24  counsel's deficient performance renders the result of the trial unreliable or fundamentally

25  unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).   There is no evidence in the record to

26  suggest that counsel's alleged deficient performance caused the outcome to be unreliable or the

27

28         [7] As it turned out, neither the District Court (*see* Docket No. 39) nor the Ninth Circuit
    reached the question whether the search was a "border search." *See Rowland*, 464 F.3d 899.

1   proceeding to be fundamentally unfair.

2       In the context of reviewing Attorney Gorman's performance under *Strickland*, this court

3   finds that the Magistrate Judge did not commit error in relying on prior counsel's factual

4   background. Therefore, the objection is overruled.

5       **D. Understanding of Petitioner's Argument.**

6       The Petitioner next claims that the Magistrate Judge did not understand his argument

7   concerning the holding of *Rowland*. 464 F.3d 899 (9th Cir. 2006). The Petitioner argues that

8   the Ninth Circuit's holding that the totality of the circumstances warranted the stop at Guam

9   customs was wrong because the court was led to believe the stop at issue was made in an open

10  secondary inspection area. Thus, any reliance by the Magistrate Judge on the *Rowland* opinion

11  must be corrected to reflect the facts as developed at the evidentiary hearing.

12      As stated previously, there has been no evidence presented other than Petitioner's self-

13  serving affidavit. The Magistrate Judge could have very well understood the Petitioner's

14  argument but not agree. Accordingly, the court does not find that the Magistrate Judge erred in

15  this regard and the objection is overruled.

16
        **E. The Magistrate Judge Did Not Justify the Detention of Petitioner Using the
17      Border Search Exemption to the Fourth Amendment.**

18      The Petitioner argues that the Magistrate Judge justified prior counsel's ineffective

19  advice to Petitioner by relying on border search exemption case law. This court disagrees. As

20  noted throughout, when considering whether the Petitioner has proved he was provided

21  ineffective assistance of counsel, the Petitioner must satisfy both prongs of *Strickland*,

22  demonstrating that counsel's performance was deficient and that the deficiency prejudiced the

23  defense. The Magistrate Judge did not incorrectly decide to justify the detention of Petitioner

24  by using the border search exception to the Fourth Amendment. Instead, he considered

25  Attorney Gorman's analysis of the border search issue as it pertained to the Petitioner's case.

26  Applying *Strickland*, the Magistrate Judge found that Petitioner failed to demonstrate counsel's

27  representation was deficient and fell below an objective standard of reasonableness. This court

28  agrees that counsel felt it necessary to address the border search issue given the uncertainty of the

1    state of the law as it pertains to the authority of Guam Custom Officers to conduct such searches.

2        At the evidentiary hearing, Attorney Gorman testified that he spoke to the Petitioner

3    many times about the case and about the strategy he would pursue.  At the time, Attorney

4    Gorman thought the best defense was to first address the issue of whether the search of the

5    Petitioner at the Guam Airport constituted a border search.  He acknowledged that if the Ninth

6    Circuit ruled it was a border search, there would be no legal or factual defense.  He understood

7    that the law is well established that a border search can be conducted without a warrant and

8    without any articulable level of suspicion, so long as the search is routine.  *See United States v.*

9    *Montoya de Hernandez*, 473 U.S. 531, 537-38 (1985).

10        While it is true that the District Court and the Ninth Circuit chose not to address the

11   "border search" issue, it cannot be said that Attorney Gorman's defense strategy was wrong.

12   There is no way to predict whether a court will consider all arguments advanced by counsel.

13   "There are countless ways to provide effective  assistance in any given case. Even the best

14   criminal defense attorneys would not defend a particular  client in the same way." *Strickland*

15   583 F.3d at 689. "Judicial scrutiny of counsel's performance must be highly deferential. It is all

16   too tempting for a defendant to second-guess counsel's assistance after conviction or adverse

17   sentence, and it is all too easy for a court, examining counsel's defense after it has proved

18   unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."

19   *Strickland,* 466 U.S. at 689.  Second-guessing counsel's performance must be avoided.[8]

20        The Magistrate Judge found that the Petitioner was unable to overcome the presumption

21   that "the challenged action might be considered sound trial strategy." *Id.* at 637.  The court

22   finds that Attorney Gorman's representation was not deficient and did not fall below an

23   objective standard of reasonableness.  Therefore, the objection is overruled.

24        **F.  Whether Petitioner Presented Any Evidence.**

25        Lastly, the Petitioner claims the Magistrate Judge incorrectly asserted that the Petitioner

26

27        [8]  Moreover, it is highly possible that had the Ninth Circuit addressed the border search
     issue it would have concluded that the Petitioner was subjected to a border search.  In *United*
28   *States v. Vance*, 62 F.3d 1152 (9th Cir. 1995), the court found that an arriving passenger from
     Honolulu, Hawaii was subjected to a border search when he entered Guam.

1    only presented argument and no evidence concerning his arrest and detention.  Petitioner argues

2    that he filed an affidavit detailing the factual setting of the "back room" detention.  *See* Docket

3    No. 71, Affidavit of Ernest Rowland.  He further claims that at the evidentiary hearing Attorney

4    Gorman confirmed his factual account.

5          This court disagrees with the Petitioner and overrules the objection.  As stated

6    previously, there has been no evidence presented other than Petitioner's self-serving affidavit.

7    Petitioner never testified at the evidentiary hearing.  At the hearing, Attorney Gorman indicated

8    that he was aware of the facts as alleged by the Petitioner, and testified that they "discussed this

9    issue many times" and "went back and forth on this issue many times."  Counsel made it clear

10   that the Petitioner had one account of the facts and the officers had another account.  He never

11   stated which account he believed was correct.  He was more concerned that if the court treated

12   the search as a "border search" the location of the search would be legally insignificant. He

13   testified that he told the Petitioner that the physical location was "irrelevant" because in a

14   border search the only standard is the reasonableness of the search.

15         The court agrees with the Magistrate Judge that the Petitioner has failed to present

16   sufficient evidence to satisfy his burden as set out in *Strickland*.

17   **III.    CONCLUSION**

18         Based on the foregoing, the court concludes that the Petitioner has failed to show his

19   trial counsel's "representation fell below an objective standard of reasonableness."

20   Accordingly, the court hereby **DENIES** the Petitioner's  Motion to Vacate, Set Aside, or Correct

21   Sentence pursuant to 28 U.S.C. § 2255 and **DENIES** his request for a new hearing on his motion

22   to suppress.

23         **IT IS SO ORDERED.**

24

25    **/s/ Frances M. Tydingco-Gatewood**
                               **Chief Judge**
26                             **Dated: May 20, 2010**

27

28